# IN THE COURT OF APPEALS OF IOWA

No. 4-017 / 13-0059
Filed March 12, 2014


**RAMON PRICE,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Christopher L. McDonald, Judge.


Ramon Price appeals from the district court's denial of his application for postconviction relief. **AFFIRMED.**


Laura Lockwood of Lockwood Law Firm, P.L.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney General, John P. Sarcone, County Attorney, and Michael Hunter, Assistant County Attorney, for appellee State.


Considered by Danilson, C.J., and Vaitheswaran and Mullins, JJ. McDonald, J., takes no part.

**VAITHESWARAN, J.**

The State charged Ramon Price with two counts of first-degree robbery and two counts of second-degree robbery in connection with thefts from two Des Moines stores. A jury found Price guilty of one count of first-degree robbery and two counts of second-degree robbery.[1] Price appealed, raising a challenge to the sufficiency of the evidence and the district court's assessment of a surcharge. *State v. Price*, No. 07-1450, 2008 WL 5412322, at *1-2 (Iowa Ct. App. Dec. 31, 2008). This court affirmed Price's convictions, and vacated the surcharge. *See id.* at *2.

Price filed an application for postconviction relief, raising several ineffective-assistance-of-appellate-counsel claims. The district court denied Price's application following a hearing.

On appeal, Price contends his direct-appeal attorney was ineffective in failing to challenge (1) the district court's denial of his motion to replace his trial attorney, (2) the district court's denial of his motion to sever the first-degree robbery count from one of the remaining counts, and (3) the sufficiency of the evidence supporting the first-degree robbery count. To prove his claims, he must establish a breach of an essential duty and prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

## I. Substitution of Trial Counsel

"Where a defendant represented by a court-appointed attorney requests the court appoint substitute counsel, sufficient cause must be shown to justify

---

[1] The court dismissed one of the second-degree robbery counts and submitted one of the first-degree robbery counts to the jury as second-degree robbery.

replacement." *State v. Tejeda*, 677 N.W.2d 744, 749-50 (Iowa 2004). "Sufficient cause includes a conflict of interest, irreconcilable conflict, or a complete breakdown in communication between the attorney and the defendant." *State v. Lopez*, 633 N.W.2d 774, 778 (Iowa 2001).

Price filed two motions to replace his attorney. He withdrew the second motion after telling the judge he wished "to keep" his attorney and he did not "see any reason why" they should separate. To the extent Price now cites reasons supporting the second motion, we decline to consider them.

Price's first motion sought the replacement of counsel "due to overload of cases and lack of proper counsel and advice." Price was given an opportunity to explain his concerns at a hearing on his motion. *See Tejeda*, 677 N.W.2d at 750 (stating if a defendant requests substitute counsel on the basis of a breakdown in communication with the attorney, a district court has a duty to inquire into the nature of the breakdown.). He stated:

> Okay. Basically, it's really nothing against [defense counsel] or anything, but I just believe he's kind of overloaded on cases, for say, you know, my particular charges. You know, I'm—you know, I got a lot of charges here. It's very serious and I—you know, I haven't really had adequate time or counsel with him. Through my stay here in Polk County for maybe the last three and a half months I've only spoken with him, like, one time, you know, and the second time was just to fill out a form.
> But, you know, basically, you know, he's—he seems to be too busy, you know. And like I said it's really nothing against him, it's just I need somebody that's going to really be there for me and give me the time for the advice that I need.

Price's attorney responded to these concerns as follows:

> I did meet with Mr. Price on February 28th at the jail. At that time we discussed the possibility of raising a psychiatric defense of diminished capacity or intoxication. I went back to the jail the

following Friday to have him sign the waivers for Broadlawns Medical Center and, I believe, Methodist Hospital.

I've sent for all of his medical and psychiatric records from both of those institutions. I'm also trying to get him evaluated by a psychiatrist, but there's a limited number of psychiatrists who do those evaluations, and there's—I personally have three clients that I'm trying to get in for evaluations, and there's other attorneys in the same situation.

So it's going to take some time to get that evaluation done. We do have depositions set of, I believe, 13 of the State's witnesses. Those depositions are set for March 30th. So I feel that the case is proceeding normally given the severity of the charges, four counts, two robbery in the first degree and two robbery in the second degree. And particularly with the possibility of a psychiatric defense involved, I feel I'm doing everything that needs to be done in this case.

The district court concluded Price's attorney was "diligently pursuing" the case. The court denied the motion for substitute counsel.

The district court essentially made a discretionary decision that Price failed to establish sufficient cause for replacing his attorney. *See State v. Boggs*, 741 N.W.2d 492, 506 (Iowa 2007) (noting the trial court "has considerable discretion whether to grant substitute counsel"). On our de novo review, we conclude Price's appellate attorney did not breach an essential duty in failing to challenge this discretionary ruling.

## II. *Joinder of Counts*

Before trial, Price filed a motion to sever the four counts of the trial information for four separate trials. Following a hearing, the district court ordered the two first-degree robbery counts to be tried together "based on the similarity of circumstances and the closeness in time." The court ordered separate trials for each of the two second-degree robbery counts.

Price claims his appellate attorney was ineffective in failing to challenge the district court's refusal to sever the first two counts. On our de novo review, we disagree.

Iowa Rule of Criminal Procedure 2.6(1) permits the joint prosecution of multiple charges that are a part of a "common scheme or plan." According to the minutes of testimony, the State intended to prove that two Family Dollar stores on the east and south sides of Des Moines were robbed within a day of each other. A witness at the scene of the first robbery saw a man with a goatee, black stocking cap, and stained hooded sweatshirt leaving the store. The following day, the witness was listening to his police scanner when he heard a broadcast of a second robbery. He went to the site of that robbery and positively identified a man as the same person he saw at the location of the first robbery. Clerks at both stores would testify that the person's outerwear was stained. The clerk at the second store would also confirm that the person who robbed the store had a goatee. Price's sister-in-law was slated to testify that, on the day of the second robbery, Price gave her $200 in cash towards rent. She would opine that it was unusual for him to have cash with him. These minutes establish a common scheme or plan.

On our de novo review of the record, we conclude Price's appellate attorney did not breach an essential duty in failing to challenge the district court's discretionary severance ruling. *See State v. Neiderbach*, 837 N.W.2d 180, 190 (Iowa 2013) (reviewing the trial court's ruling on a motion to sever for abuse of discretion).

### III. Sufficiency of the Evidence

Price claims his appellate attorney was ineffective in failing to claim "the evidence was insufficient to prove the knives found on Price's person were used in the robberies." The State makes two responses.

First, the State argues that Price raised this argument in his direct appeal and is foreclosed from re-litigating it in the postconviction proceeding. We disagree. Price's appellate attorney challenged the sufficiency of the evidence supporting a finding that the knife he wielded was a dangerous weapon. Now, Price asserts there was insufficient evidence to support a finding that he used knives in the robbery. This is a different issue.

Second, the State questions Price's reference to "knives" and "robberies." The State points out that only first-degree robbery requires proof of weapon use and Price was found guilty of only one count of first-degree robbery. We agree. On the single first-degree robbery count on which the jury rendered a finding of guilt, we must determine "if the record reveals substantial evidence." *State v. Truesdell*, 679 N.W.2d 611, 616 (Iowa 2004). If it does, "counsel's failure to raise the claim of error could not be prejudicial." *Id.*

The jury was instructed the State would have to prove several elements of first-degree robbery including that "[t]he defendant was armed with a dangerous weapon." The jury was further instructed, "To go 'armed' means the defendant was aware of the weapon and it was in a place where it was readily accessible to the defendant or someone he aided and abetted."

A jury could have found that one of the store clerks saw Price "standing right next to [her]" while "holding" "a small blade of a knife." This amounts to

substantial evidence in support of a finding that Price was armed at the time of the robbery. Because substantial evidence supports this element, Price's appellate attorney was not ineffective in failing to challenge the sufficiency of the evidence.

We affirm the denial of Price's application for postconviction relief.

**AFFIRMED.**